No. 6833.

STATE EX REL. GEO. E. PARIS VS. ALLEN JUMEL, AUDITOR, ETC. E. C. PAYNE ET AL., INTERVENORS.

Where an act of the Legislature makes a new law for the assessment of property, and a new Board of Assessors are appointed under that law, whose pay is conditioned on their doing the work of assessment, and they actually do the work *they* will be entitled to the appropriation made for the compensation of such assessors, and not any previous Board of Assessors who were *functi officio* when the work of assessment was done,

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

*Chas. S. Rice* for relators and appellants.

*B. F. Jonas* for intervenors and appellees.

The opinion of the court was delivered by

MANNING, C. J. The relators allege that they were assessors for the City of New Orleans from the first day of January 1877 to the 20th. of April of same year, and are entitled to a salary for their services during that time at the rate of four thousand dollars per annum—that the legislature, on April 4th. of that year, appropriated twelve thousand five hundred dollars as compensation to the assessors of the City, and they are entitled to be paid out of this fund—that they have demanded their warrants of the Auditor for the sums respectively due them, and that he has refused them, whereupon they prayed and obtained a writ of mandamus.

In answer to the rule to shew cause why the writ should not be made peremptory, the Auditor avers that the Board of assessors appointed under an Act of April 20th. 1877 claim that this appropriation was made for their benefit—that by the terms of the act, one half of the appropriation is to be paid to the mayor of the City for contingent expenses and clerical force, and the other half to the new board of assessors, and that he can not pay to either of these rival claimants without an adjudication of their respective rights.

Edward C. Payne and four others intervene and allege that they constitute the new board of assessors, and that they have made the assessment for 1877, and are alone entitled to the compensation for that service provided by the legislature.

The relators, six in number, were appointed under an act of March 16th. 1875, which fixed the salary of each at four thousand dollars per annum, and in addition thereto directed that they should receive a commission of five per centum on the taxes of all taxable property, not on the rolls of 1874, which shall be discovered by them and placed on the books of 1875, and further that for their necessary expenses, clerical labor, etc. an appropriation of seven thousand dollars should be made. Acts 1875 p. 33.

On April 20th. 1877 a new provision was made for the assessment of property in New Orleans, whereby the board of assessors was to consist of five members, each of whom should receive a salary of twenty-five hundred dollars per annum for the year in which a new assessment is made, and a smaller sum for other years, one half of which compensation was to be paid by the State, and the other half by the City, and for clerical force and contingent expenses, the City council might provide for the expenditure of a sum not exceeding twelve thousand five hundred dollars per annum, of which one half should be paid by the State upon the warrant of the mayor. Acts 1877, p. 154.

On the 4th. day of the same month and year, the general appropriation bill was passed which contained four several appropriations of compensation for the assessors of the City aggregating twelve thousand. five hundred dollars. Acts 1877, pp. 77—79.

If the claim of the relators be well founded, they are entitled to be paid over seven thousand dollars for services rendered as the board of assessors for three months and twenty days, during which time it is not pretended that the assessment of 1877 was made. It is obvious that the two Acts of that year must be construed together, and when thus construed, the appropriation made for the payment of the assessors accords in amount with that prescribed as their compensation in the act creating the new board, and the legal inference is inevitable that the sums thus appropriated were intended for the new board. On the other hand, if it can be conceived that the relators were intended to be the recipients of the sums appropriated for compensation of assessors, the amount of the appropriation is wholly inadequate to the payment of salaries on the scale fixed by the act of 1875.

There is a better reason still why the intervenors should prevail as against the relators. They did the work. The law of 1877 provides that no compensation shall be allowed any assessor in any year until he shall have performed the duties of his office, and shall have completed

the rolls.　p. 143.　The relators were *functi officio* when the assessment of 1877 was made.　The intervenors then constituted the board, and are alone entitled to the compensation awarded by the legislature for the assessment of that year.　They do not appear however for the purpose of compelling the Auditor by mandamus to pay them, but for the purpose of opposing the claim of the relators.

The lower court denied the relief sought by the relators and refused the peremptory writ.

The judgment is affirmed.